CHIEF EDITOR    -    -    W. J. TOSSEL
President    -    -    -    J. F. Laning
Vice Pres & Cir. Mgr.    -    Sam H. Torrey
Secretary and Treasurer    -    S. R. Laning

Issued Every Wednesday
50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Per year (50 Issues) Payable in Advance..$15.00
Single Numbers .........................    .50
First Semi-Annual Digest, No. 36, separately    2.50
Second Semi-Annual Digest, Vol. 2, No. 2    2.50

**Due Notices.** We give each subscriber two weeks' mail notice of the due date of his paper, and those who make prepayment, in reply to the statement, are entitled to a 20 per cent abatement of the price.

Address all communications to:

**The Law Abstract Co., 1727 Bryn Mawr Ave.**

"I think extremely well of the Ohio Law Abstract. I cannot afford to be without it in my practice, at any price."—An Abstract Subscriber.

### POINTS OF PRACTICE TO BE OBSERVED

It seems that attorneys, more of them, should know that the absence of exceptions in the record make it impossible to get a hearing on a question of error made in a reviewing court. Scarcely a week passes that the Abstract does not show a case or more where an attorney is turned down in the Court of Appeals, in a case he is seeking to have heard there because the record from the Common Pleas does not show that the point he presents was there raised, objection made and exception properly entered. And it is not always the young attorney that thus stumbles. Old practitioners frequently show such dereliction.

The trial attorney should always proceed, having in mind that he may have to go up with the case, and not be bashful or neglectful in objecting to every ruling or utterance of the court that he is not in accord with and every proceeding that he opposes, or occurrence he complains of, and have the court note his objection and exception and see that the stenographer makes entry properly in the minutes of the trial. Hundreds of cases now lost through this inadvertance might have been saved is such precautions as these had been observed.

It is to be remembered that when your client calls for advice about a public contract he is about to take with a city, village, township or county, involving the payment of money from its treasury, that it will not be enforcible, unless the money for it is in its treasury, properly appropriated. See post, page 362.

If you are a trial lawyer, you will find several cases in this Abstract bringing out essential points of practice that should be noticed by you if you aspire to the greatest success. Scarcely a week passes that points of great educational value are not thus presented in one of more of the reported cases. These instances show the importance of the Abstract to every practitioner.

Courts make mistakes, as well as lawyers, but a reviewing judge will take nothing for granted and will not turn down a trial judge, unless the record properly shows that the action complained of was objected to and exceptions taken. Two important instances of this are found in this week's Abstract, one on page 354.

## U. S. COURT OF APPEALS
### No. 327
### ROTH v. UNITED STATES
U. S. Circuit Court of Appeals, 6th Circuit
No. 877. Decided Dec. 4, 1923

**939. POST OFFICE**—Use of decoy letter to identify criminal employe justified—General statute as to stealing mail matter applicable to employes.

**629. INDICTMENT AND INFORMATION**—Indictment may be found pending preliminary examination.

**291. CONSTITUTIONAL LAW**—One arrested by federal officers has no vested right to preliminary examination—Evidence of reason for mailing decoy letter held competent.

**333. CRIMINAL LAW**—Instructions held not erroneous, as lessening the burden of proof resting on the prosecution—Instructions not reviewable, in the absence of exceptions, or requests to charge—Judge may express opinion on the merits—Appellate Court cannot weigh the evidence.

KNAPPEN, C. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Roth was convicted under an indictment charging him while employed in the U. S. postoffice at Cleveland, Ohio, for stealing and removing from a letter $3.50 in currency and coin with intent to divert the same to his own use. The indictment alleged that the letter

and its contents had been entrusted to defendant and had come into his possession as such postal employe, and that its contents were intended to be conveyed by mail. The letter was a decoy or test letter, the address being fictitious. The postal authorities who prepared the letter and caused it to be introduced into the postoffice did not expect or intend that the letter would be conveyed by mail beyond the Cleveland postoffie, but intended that it should be by them intercepted if not stolen in that office. The accused prosecuted error, claiming certain errors during the trial. In sustaining the judgment of the lower court, the Court of Appeals held:

1. If postal officials have reasonable ground to believe that mail matter is being stolen by a postoffice employe, the use of a decoy letter to identify the culprit is proper.

2. Criminal Code 194 (Comp. St. 10364), making it an offense for anyone to steal, secrete, or embezzle mail matter, is applicable to postal employes, and an indictment against an employe, though drawn under Section 195, may be treated as under Section 194.

3. The fact of the pendency of proceedings for preliminary examination of an accused before a commissioner does not prevent the consideration of the case by the grand jury, and the presentment of an indictment by them for the same offense.

. The provision of Rev. St. 1014 (Comp. St. ---74(, for proceeding against a person charged with an offense against the United States, "agreeably to the usual mode of process against offenders in such state," applies only where the arrest is made by state authorities, and not to procedure in the federal courts, and does not give an offender arrested by federal officers a vested right to a preliminary examination.

5. Where postal officials mailed a decoy letter, and later defendant, an employe, was arrested for stealing it and its contents, testimony of an inspector that thefts in the office had been reported to him, and that it was in consequence of such information that the letter was mailed, held competent.

6. Instructions held not erroneuos, as tending to relieve the prosecution of the burden of proving guilt beyond a reasonable doubt, with respect to an affirmative defense.

7. A charge is not reviewable as to matter which was not excepted to, and upon which no further instruction was requested.

8. A trial judge has the right to express his opinion on the merits, provided the jurors are clearly given to understand that they are to exercise their independent judgment.

9. The Appellate Court cannot determine the weight of evidence.

Attorneys—P. J. Mulligan, for Roth; M. A. McCormack, for United States; both of Cleveland.